[Cite as *Baker v. Baker*, 2014-Ohio-5066.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

| | | |
|---|---|---|
| KATHLEEN M. BAKER | : | |
| Plaintiff-Appellant | : | C.A. CASE NO. 26167 |
| v. | : | T.C. NO. 11DR46 |
| RODNEY J. BAKER | : | (Civil appeal from Common Pleas Court, Domestic Relations) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the _____14th_____ day of _____November_____, 2014.

. . . . . . . . . .

DAVID M. McNAMEE, Atty. Reg. No. 0068582, 2625 Commons Blvd., Suite A, Beavercreek, Ohio 45431
        Attorney for Plaintiff-Appellant

SCOTT D. RUDNICK, Atty. Reg. No. 0000853, 121 W. Third Street, Greenville, Ohio 45331
        Attorney for Defendant-Appellee

. . . . . . . . . .

DONOVAN, J.

{¶ 1}     This matter is before the Court on the Notice of Appeal of Kathleen M. Baker, filed April 11, 2014.   Kathleen appeals from the trial court's March 12, 2014 "Judgment Decree of Divorce." We hereby affirm the judgment of the trial court.

{¶ 2}     The record reflects that Kathleen and Rodney J. Baker were married on July 29, 1995, and that they have a daughter, born on March 7, 1999, as issue of the marriage. The final decree provides in relevant part as follows:

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the parties shall divide equally the accumulated contributions in the Defendant's PERS, as well as the Defendant's Deferred Compensation account through the State of Ohio, which shall also be divided as of the date of the parties' separation (September 30, 2010).   Any increase or decrease in said PERS or Deferred Compensation occurring after September 30, 2010 shall be the sole property of the Defendant.   For purposes of dividing the Defendant's PERS account, the value of the Defendant's PERS account to be divided shall be reduced by the amount of the Plaintiff's Social Security offset ($45,504.24), as of September 30, 2010. * * *

{¶ 3}     Kathleen asserts one assignment of error herein as follows:

"THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT SIGNED AND FILED THE FINAL JUDGMENT AND DECREE OF DIVORCE WHEN SAME WAS NOT CONSISTENT WITH WHAT WAS READ INTO THE RECORD, SPECIFICALLY THE DIVISION OF RETIREMENT ASSETS."

**{¶ 4}** According to Kathleen, "The Decree [states] that there shall be an offset of Defendant's PERS account against Plaintiff's Social Security in the amount of $45, 504.24. While Plaintiff does not dispute the fact that there should be an offset, a specific figure was not read into the record and thus should not be included into (sic) the Decree. (TR. Pg. 11, 12."

**{¶ 5}** A transcript of the final hearing is not in the file before us. As noted by the Ohio Supreme Court:

> The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. * * * When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm. * * * . *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980).

**{¶ 6}** In the absence of a transcript, we presume the validity of the trial court's proceedings. Kathleen's assigned error is accordingly overruled, and the judgment of the trial court is affirmed.

. . . . . . . . . .

FAIN, J. and WELBAUM, J., concur.

Copies mailed to:

David M. McNamee
Scott D. Rudnick

Hon. Denise L. Cross