[Cite as *Gati v. Reagan*, 2014-Ohio-5800.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| KEVIN GATI | : | |
| | : | |
| Plaintiff-Appellant | : | C.A. CASE NO.   26253 |
| | : | |
| v. | : | T.C. NO. 13CV1856 |
| | : | |
| TOM REAGAN, PRESIDENT, | : | (Civil Appeal from |
| TLR PROPERTIES | : |  Kettering Municipal Court) |
| | : | |
| Defendant-Appellee | : | |

. . . . . . . . . . .

**O P I N I O N**

Rendered on the ___30th___ day of ___December___, 2014.

. . . . . . . . . . .

BRIAN D. BRENNAMAN, Atty. Reg. No. 0088988, 1616 Turner Road, Xenia, Ohio 45385
    Attorney for Plaintiff-Appellant

THOMAS L. REAGAN, TLR Properties, 3430 S. Dixie Drive, Suite 303, Kettering, Ohio 45439
    Defendant-Appellee

. . . . . . . . . . . .

DONOVAN, J.

**{¶ 1}**  This matter is before the Court on the notice of appeal of Kevin Gati, filed June 2, 2014. Gati appeals from the May 5, 2014 decision of the trial court that affirmed the Magistrate's decision granting judgment in favor of Thomas Reagan in the amount of $330.00. We hereby affirm the judgment of the trial court.

{¶ 2} On October 29, 2013, Gati filed a Statement of Claim against T.L.R. Properties, LLC, and Reagan in the small claims division of Kettering Municipal Court. Reagan is the owner of T.L.R. Properties, LLC. The Statement of Claim provides as follows:

On or about June 14, 2012, Plaintiff Kevin Gati and Defendant Thomas Reagan of TLR Properties entered into a lease agreement for property located at 1370 Devon Ave., Apt. E-1 in Kettering, Ohio. On or about June 11, 2012, a security deposit of $398 was deposited with Defendant. Plaintiff vacated the apartment on June 28, 2013 in compliance with the lease. Plaintiff gave required notice of forwarding address when he turned keys in to the office on or about June 28, 2013.

{¶ 3} On November 14, 2013, Gati filed a notice of voluntary dismissal of T.L.R. Properties, LLC, from the action. On November 25, 2013, Reagan filed a Counterclaim against Gati that provides as follows:

Plaintiff failed to give proper notice so Defendant did not realize tenant had vacated. Plaintiff violated rental agreement [and] was harboring dogs. Plaintiff also did not clean the apt[.] per lease agreement. Cleaning charges, carpet damage totaled $1544.45.

Wherefore Defendant prays judgment against Plaintiff in the sum of $1544.45 plus interest at a rate of 3%.

{¶ 4} On December 3, 2013, Gati filed a Reply to Answer and Counterclaim. After a hearing on December 3, 2013, the Magistrate issued a report on March 11, 2014 that provides as follows:

* * *

It is the finding and recommendation of this Magistrate that on or about

June 14, 2012 Plaintiff leased from Defendant real estate commonly known as 1370 Devon Avenue, Apt. E-1. Plaintiff also paid to Defendant a security deposit of $398.00 pursuant to the Lease Agreement. Plaintiff vacated the apartment on June 28, 2013, Plaintiff states that he gave any required notice and a forwarding address to Defendant when he left the keys in the premises on or about June 28, 2013. Defendant filed a counterclaim alleging that Plaintiff failed to give proper notice of his intent to vacate the property. Defendant additionally claims that the Plaintiff failed to clean the premises pursuant to the terms and conditions of the Lease Agreement and as a result Defendant seeks a counterclaim in the amount of $1,544.00. Plaintiff admits that he left the keys and his forwarding address in the unit on a table and he did not otherwise confirm how or when Defendant received the same. Nevertheless, in August 2013 Defendant forwarded to Plaintiff correspondence itemizing the costs being deducted from the security deposit and identifying a balance due of $330.00. The Court finds that the Defendant properly addressed the costs, charges, and security deposit pursuant to the terms of the Lease Agreement.

The Court finds, based upon all of the testimony and evidence presented that Plaintiff's tenancy caused or resulted in the charges claimed by Defendant * * *. The Court further finds that after a proper credit for Plaintiff's security deposit Defendant is entitled to recover $330.00 under his counterclaim. The Court further finds that Plaintiff's claims and defenses are unsupported by any credible evidence and without merit. Plaintiff's Complaint is dismissed.

It is, therefore, the opinion of this Magistrate that Judgment should be

granted in favor of the Defendant and against the Plaintiff in the amount of $330.00, plus interest at 3% from the date of the Judgment, plus costs.

{¶ 5} Gati filed objections to the Magistrate's Report on March 27, 2014, asserting as follows:

The Magistrate erred in his finding of fact that, Plaintiff states that he gave any required notice and a forwarding address to Defendant when he left the keys in the premises on or about June 28, 2013 and Plaintiff admits that he left the keys in the premises on a table and he did not otherwise confirm how or when Defendant received the same. And, that Plaintiff received itemize (sic) list on August of 2013, and that Defendant properly addressed the costs, charges, and security deposit, and finding for Defendant.

{¶ 6} On April 7, 2014, the Magistrate filed an amended report, noting that T.L.R. Properties, LLC was dismissed from the matter. In its Decision in favor of Reagan, the trial court determined as follows:

* * *

The Court has reviewed the Record of the Court, the Report of the Magistrate, the transcript of the Small Claims trial held December 3, 2013, and the Objections to the Magistrate's Report and finds the evidence is reasonable and credible and that no error is apparent that would warrant a re-trial of this matter. It appears, therefore, that the Report of the Magistrate is in accordance with law and orders the same incorporated here as if wholly rewritten.

**IT IS, THEREFORE, THE ORDER OF THIS COURT**, that judgment be granted in favor of the Defendant, Thomas Re[a]gan, and against the Plaintiff in

his counterclaim, in the amount of Three Hundred Thirty Dollars ($330.00), plus interest at the statutory rate of three percent (3%) per annum from the date of Judgment, plus costs expended.

**{¶ 7}** Gati asserts two assignments of error herein, which we will consider together. They are as follows:

"THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT DISMISSED PLAINTIFF'S CLAIMS,"

And,

"THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT FINDS PLAINTIFF'S CLAIMS AND DEFENSES UNSUPPORTED BY ANY CREDIBLE EVIDENCE AND WITHOUT MERIT."

**{¶ 8}** Gati asserts that his "rent was wrongfully withheld in violation of R.C. 5321.16. Therefore, the trial court erred as a matter of law when it dismissed Mr. Gati's complaint and entered judgment for Mr. Reagan. Mr. Gati submitted credible evidence to substantiate his claims."

**{¶ 9}** A transcript of the hearing before the Magistrate is not in the file before us. As this Court recently noted, the Supreme Court of Ohio has determined as follows:

The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. * * * When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm. * * *.

*Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980).

*Baker v. Baker*, 2d Dist. Montgomery No. 26167, 2014-Ohio-5066, ¶ 5.

**{¶ 10}** In the absence of a transcript, we presume the validity of the proceedings below. Gati's assigned error(s) are accordingly overruled, and the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

FAIN, J. and HALL, J., concur.

Copies mailed to:

Brian D. Brennaman
Thomas L. Reagan
Acting Judge Jay Newberry
cc:   Hon. Frederick W. Dressel